

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

April 10, 2020

**VIA ECF**

Hon. Debra Freeman, Esq.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re: *Marco Verch v. BDG Media, Inc.*, 19 Civ. 9618-GBD-DCF**

Dear Judge Freeman:

We represent Defendant BDG Media, Inc. ("BDG"), in the above-referenced action, which concerns Plaintiff's allegation that BDG made an authorized use of a photograph picturing a breast cancer awareness ribbon (the "Photograph").

At the status conference on March 20, 2020, the Court instructed both parties to produce documents regarding the Photograph, including documents related to a Creative Commons License ("CC License") that Plaintiff offered and the registration of the Photograph, by no later than April 3, 2020. The objective of the exchange was to help both parties better understand the facts, which would help them understand the likely recovery in the action and terms on which settlement might be appropriate. The Court also directed both parties to engage in a settlement dialog following their exchange of documents, and to provide an update by today as to the progress. As explained below, there has been no measurable effort from the other side, and the consequences are serious to the point of putting Plaintiff himself in great financial peril. Accordingly, BDG submits this letter to assist the Court in appreciating the settlement context and the need for potential additional measures, including a telephonic conference with Mr. Verch, to bring this matter to a rational conclusion.

On April 3, 2020, BDG produced sixty-four pages of documents, including, *inter alia*, a copy of the CC License that Plaintiff referenced when offering the Photograph for license, screenshots of the Flickr website that showed Plaintiff's Photograph for license, the LinkedIn profile of the writer, the notice and demand that the photo-search firm Pixsy sent to BDG, and internal documents showing that BDG removed the Photograph promptly upon notice in July 2019.[1]

---

[1] Mic Network ("Mic") posted the article in October 2018. Around six weeks later, Mic laid off the entire editorial staff, and the business was down to two individuals when BDG acquired the Mic domain name and certain other Mic assets. BDG has never had any relationship with the writer. However, there was no reason to believe that Mic acted in bad faith either. The documents produced by BDG show that the writer of the Mic Network Article was experienced and previously worked as a reporter/editor for companies such as Newsweek Media Group and Popular Science, which suggests that Mic Network was careful about hiring its freelancers.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



Hon. Debra Freeman, Esq.
April 10, 2020
Page 2

Plaintiff's production was not proportionate. Indeed, moments after BDG submitted its document production, Mr. Liebowitz replied simply that his "client does not have licensing information." I responded back, reminding Mr. Liebowitz that the Court also directed the parties to produce documents related to the registration of the Photograph, and asked if his position was that the Photograph was not registered with the U.S. Copyright Office. Just four minutes later, Mr. Liebowitz forwarded a copy of the registration certificate and the Photograph at issue. Despite my request, no other documents have been produced by Plaintiff as of this writing. On April 8, 2020, I asked if Mr. Liebowitz had reviewed the material and was prepared to make a settlement offer that took into account Your Honor's comments and the facts that the Mic writer evidenced no bad faith and BDG removed the Photograph upon receipt of notice. He responded at 2:22 a.m. this morning with "Hi Eleanor, We have a status letter due tomorrow. How [*sic*] we simply say for the court to enter the scheduling order? Thanks."

This response from Mr. Liebowitz, while consistent with past practice, fails to consider what Your Honor asked the parties to do. Specifically, the documents produced by BDG show that Mic Network obtained the Photograph on the photograph-sharing website Flickr.com, where Plaintiff published the Photograph online and offered a license to use it free of charge for any online users that comply with the terms of the CC License. Attached as **Exhibit A** is the screenshot of the Flickr website as produced. The documents also show that Pixsy, an agent acting on behalf of Plaintiff, first contacted BDG about its claim concerning the Photograph on June 24, 2019, demanding that BDG remove the image and pay a fee of $750. The Pixsy notice did not disclose that the Photograph was made available under the CC License, nor did it offer any information of licensing value of the Photograph. Likewise, neither Pixsy nor Plaintiff noted, as they could have, that the matter could be resolved if Mr. Verch's name were made visible. The documents produced by BDG also undisputedly confirm that BDG, who at the time of the notice had only recently acquired Mic assets, reacted promptly and removed the Photograph by July 16, 2019, months before Plaintiff brought his bare-bones Complaint. Plaintiff made no attempt to contact BDG prior to filing his lawsuit to resolve the matter amicably, nor did Pixsy or Plaintiff follow up regarding the Pixsy proposal even though Pixsy and Plaintiff could easily see that the Photograph had been replaced. Plaintiff simply ran to the courthouse without further investigation as the rules require.

Plaintiff now seeks statutory damages of up to $150,000, for what is at best for Plaintiff an inadvertent, technical violation of the CC License. BDG clarifies that it is unknown whether the attribution did not appear as a result of a technical issue; it may have appeared at some point but was removed in the acquisition or was illegible. Failing the time to dig into this issue further, BDG has simply assumed for the sake of this discussion that the writer did not place the attribution on or next to the Photograph.

Against this high number, 200 times Plaintiff's opening pre-suit demand and one reserved for only the most egregious of cases generally involving willful, widespread distribution of infringing copies, Plaintiff insists that he will settle this case for no less than the number disclosed during the March 20 conference. As the "production" shows, there is no basis for demanding anything more than the $750 that Pixsy demanded, if that. To this day, Plaintiff and his counsel have not produced any information regarding the license fee he typically charged for use of the Photograph; indeed, there appears to be none if Mr. Liebowitz's representation of last week is true. Further, the CC License required no financial payment, but rather required only that the user provide attribution upon republication of the image.



Hon. Debra Freeman, Esq.
April 10, 2020
Page 3

Plaintiff's intractable position is unexplainable and shows no variation from the sort of behavior that required Mr. Liebowitz to get counsel of his own.  *See*, *e.g.*, Bill Donahue, *Liebowitz's Attorney Pleads for Leniency over Lies to Judge*, Law360 (Nov. 14, 2019) (noting Judge Seibel's questioning of Mr. Liebowitz's fitness to practice and order of contempt after blaming a missed hearing on the death of his grandfather); Bill Donahue, *Facing More Sanctions, Copyright Atty Vows to 'Fix Mistakes,'* Law360 (Jan. 8, 2020) (describing testimony from Mr. Liebowitz recognizing voluminous caseload and that "things need to change" after misrepresenting that client and attorney appearance at mediation was permitted by telephone).  Things clearly have not changed.  As Mr. Liebowitz is well aware—and should advise his client as such—courts in this Circuit typically award a prevailing copyright infringement plaintiff in cases of *non-innocent* infringement statutory damages of approximately three- to five-times a reasonable licensing fee.  *See Mango v. BuzzFeed, Inc*., 356 F. Supp. 3d 368, 374 (S.D.N.Y. 2019) ("[C]ourts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); *Barcroft Media, Ltd*., 297 F. Supp. 3d 339, 359 (S.D.N.Y. 2017) (concluding "that statutory damages for each of the Images should be the statutory minimum of $750 or five times the reasonable licensing fee, whichever is greater").  Because the Photograph carried a license fee of $0, the maximum recovery for Plaintiff is $750.  Moreover, assuming that it is shown that the CC License was not followed perfectly, the oversight may be found to be innocent, which would decrease statutory damages to $200.  *See Bryant v. Media Right Prods., Inc*., 603 F.3d 135, 143 (2d Cir. 2010) (affirming $200 in statutory damages where defendant's conduct of making digital copies relying on confusingly written terms in the distribution agreement was innocent); *Philpot v. WOS, Inc*., No.18 Civ. 339 (RP), 2019 WL 1767208, at *13 (W.D. Tex. Apr. 22, 2019) (acknowledging innocent intent in the violation of the license's attribution requirements under the Creative Commons license in a case where a small company relying on freelancers to produce a high volume of content and instructing them to be mindful of copyrights believed the terms were met).  Indeed, BDG had no way of knowing that the use did not comply with the terms of the CC License (assuming, *arguendo*, that it did not), as it had no involvement with the article at issue and never had any relationship with the writer.  Even so, to the extent this Court wishes to fashion a statutory damages award that encompasses deterring BDG from omitting a credit to a photographer for a single use of a photo under the CC License that carries a fee of $0, an award of the statutory minimum of $750 will comfortably accommodate that objective.  *See Barcroft*, 297 F. Supp. 3d at 356 (Although "[s]tatutory damages should discourage wrongful conduct," copyright infringement is still a civil action, the purpose of which is to "provide reparation for injury.") (internal quotation marks and citations omitted).[2]

Mr. Liebowitz has asserted confidence in the idea that he will recover his legal fees, but there is no basis to believe that the Court will find his litigating positions objectively reasonable nor BDG's defense objectively unreasonable.  BDG may prevail on liability, as it has against other attempts from the firm.  In contrast, Mr. Liebowitz appears to be submitting pleadings that are expressly designed to "needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1), for the purpose of lining Mr.

---

[2] As for the "profits earned" by BDG, I advised Mr. Liebowitz that BDG has not generated any "profits" by the Mic Network article.  In any event, the revenue generated by the Mic Network article (including its content and other material) was $2.18.  Plaintiff, on the other hand, has not alleged any revenue lost and elected to seek statutory damages.  Compl., ¶ 18.  Nor did he allege that he suffered any damages as a result of Mic's conduct, which also weighs in favor of reduced damages.



Hon. Debra Freeman, Esq.
April 10, 2020
Page 4

Liebowitz's pockets with settlement payments that vastly exceed the likely recovery in these actions. Of the thousands of cases the Liebowitz Firm has filed, we are aware of only one case in which the Liebowitz Firm's client was awarded attorney's fees (in contrast to the multiple cases where the firm's clients were ordered to pay the defendants' fees), and that was following no briefing on the issue in a case that was, at last check, on appeal.  Here, despite the fact that BDG has had to incur great expense defending against multiple meritless cases brought by the Liebowitz Firm, BDG has made an offer that gives the Plaintiff the benefit of every doubt and is consistent with this Court's prior precedent, even in cases where (unlike here) there was no permission of any type to use the photograph(s) at issue.  Accordingly, the perpetuation of this matter serves no benefit to the Court or to the interests of justice; it only serves to meet Mr. Liebowitz's worldview that he is entitled to his outsized contingency percentage on an amount of between $5,000 and $20,000 for every index number that he purchases.  As this morning's note evidences, this goal apparently trumps the directions of this Court to engage in good faith discussions to resolve this matter.[3]

Mr. Liebowitz's tactics of threatening online publishers with unreasonable statutory damages to extract quick settlements in other cases are also telling.  Just recently, the Court in *Otto v. Hearst*, admonished Mr. Liebowitz's conduct "caution[ing] Liebowitz and his law firm to be mindful of overplaying their hands (or worse) during settlement negotiations" and acknowledging that "[t]his is hardly the first time that Liebowitz and his firm have had their reputation called into question, and the Court can only hope it will be the last." *Otto v. Hearst Commc'ns, Inc.*, No. 17 Civ. 4712 (GHW) (JLC), 2019 WL 1034116, at *12 (S.D.N.Y. Feb. 21, 2019) (awarding plaintiff $750 and denying fees to plaintiff).[4]

---

[3] This is hardly the first time that Mr. Liebowitz and his firm failed to follow the orders of this Court. *See*, *e.g.*, *Wisser v. Vox Media, Inc.*, No. 19 Civ. 1445 (LGS), 2020 WL 1547381, at *8 (S.D.N.Y. Apr. 1, 2020) (sanctioning Mr. Liebowitz and his firm to "pay the reasonable attorneys' fees incurred by Defendant because of [Plaintiff]'s failure to comply with this Court's Scheduling Order"); *Reynolds v. Hearst Commc'ns, Inc.*, No. 17 Civ. 6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (finding that Mr. Liebowitz had "failed to comply with orders in this litigation, as he has in other lawsuits" and that he had "inevitably increase[d] the cost of litigation" by failing to disclose certain facts), *reconsideration denied*, 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018); *Rudkowski v. MIC Network, Inc.*, No. 17 Civ. 3647 (DAB), 2018 WL 1801307, at *3 & n.3 (S.D.N.Y. Mar. 23, 2018) ("caution[ing]" Mr. Liebowitz for making misrepresentations to the court); *Steeger v. JMS Cleaning Servs., LLC,* No. 17 Civ. 8013 (DLC), 2018 WL 1363497, at *2, 3 (S.D.N.Y. Mar. 15, 2018) (imposing educational and financial sanctions on Mr. Liebowitz for failing to comply with court orders and noting that Mr. Liebowitz's submissions to the court evinced a "pattern of omissions and misrepresentations").

[4] Indeed, Mr. Liebowitz's approach to copyright litigation has earned him quite the reputation in this District.  *See*, *e.g.*, *McDermott v. Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) (noting that "Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll'" and warning him that future frivolous arguments or filings in other cases may be sanctionable).  This machine evidently stops not even for a local or worldwide emergency: amid an unprecedented health crisis caused by the outbreak of COVID-19 that has strained courts across the country, at least one article reports how Mr. Liebowitz "isn't slowing down" and in fact has filed one-third of the intellectual property suits in the country within a 16-day period alone, which is about eight

It is an understatement to say that negotiating with a willfully tone-deaf adversary is frustrating, particularly when the Liebowitz Firm's business development manager will scour every nook and cranny for every use – fair use or not, licensed or not – and hit BDG with other claims, knowing that BDG caved to the Liebowitz Firm's evident discovery that cookie-cutter infringement suits are an easy way to make money off of the court system. Because Plaintiff and his counsel continue to prolong this litigation without any meaningful intention to settle, and Mr. Liebowitz's record of non-compliance in other cases is troubling, BDG intends to request that his client post a bond in order to continue further. *Leibowitz v. Galore Media, Inc*., No. 18 Civ. 2626, 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018) (denying Plaintiff's request for reconsideration of the Court order, requiring a plaintiff represented by Mr. Liebowitz to post a $10,000.00 bond as security for costs). BDG is not alone in fighting back against harassing litigation that shows no respect or appreciation for the courts but instead uses them as a tool to exploit professional defendants' business judgment. Indeed, multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action; this has appeared to lead to some responsibility on Mr. Liebowitz's part. *See, e.g*., *Pereira v. Kendall Jenner, Inc*., No. 17 Civ. 6945 (RA), Dkt. No. 24 (voluntarily dismissing case before responding to Judge Abrams' Show Cause Order); *Cruz v. Am. Broad. Cos*., No. 17 Civ. 8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017) (Mr. Liebowitz informed the court that the parties had settled the case before responding to Judge Kaplan's Show Cause Order.). *See also Tabak v. Idle Media, Inc*., No. 17 Civ. 8285 (AT), Dkt. No. 5 (Judge Torres ordered Mr. Liebowitz to show cause why the action should not be transferred. Mr. Liebowitz voluntarily dismissed the case before responding to the Order to Show Cause.).

As other judges in this District have noticed, Mr. Liebowitz's communication with his clients has been less than ideal. *Wisser v. Vox Media, Inc*., No. 19 Civ. 1445 (LGS), 2020 WL 1547381, at *5 (S.D.N.Y. Apr. 1, 2020) (imposing sanctions on Mr. Liebowitz for "affix[ing] Plaintiff's electronic signature to the Verification of the Interrogatory Responses, without consulting Plaintiff regarding either the contents of the Interrogatory Responses or the use of Plaintiff's signature on the Verification"). If the bond will not get Plaintiff's attention as to the risk he faces, BDG also intends to serve an offer of judgment to shift costs, and potentially attorneys' fees – fees that are to be <u>borne by the client</u>. *See Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351, 367 (S.D.N.Y. 2006) (Preska, J.), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (ordering a plaintiff and his counsel to pay hundreds of thousands dollars in attorneys' fees and costs);[5] *see also Cruz v. Am. Broad. Cos*., No. 17 Civ. 8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (noting that Judge Kaplan "awarded over $121,000 in attorney's fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench."). Already BDG and Mic have had to endure the cost of defense against multiple suits from the Liebowitz clients – none of which have prevailed, with the exception of one that settled within weeks of filing on vastly more palatable terms

---

lawsuits per day on average. Bill Donahue, *During Pandemic, Prolific Copyright Lawyer Keeps Suing*, Mar. 27, 2020, available at https://www.law360.com/articles/1257593.

[5] In *Baker*, the court awarded attorneys' fees to a defendant retailer that: (i) ceased sales of the infringing picture frames prior to commencement of the action; (ii) informed the plaintiff of the modest amount of profits it had earned on sales of the frames; and (iii) offered to settle but was rebuffed. The court observed that "rather than pursuing resolution of a fairly minor dispute in good faith . . . [the plaintiff] filed and maintained th[e] suit in an attempt to extract a significant payment from perceived 'deep pocketed' defendants." 431 F. Supp. 2d at 358.



than are demanded here. *See*, *e.g.*, *Yang v. Mic Network, Inc.*, 405 F. Supp. 3d 537, 548 (S.D.N.Y. 2019) (dismissing with prejudice, under Rule 12, action brought by Mr. Liebowitz on behalf of a photographer); *Rudkowski v. MIC Network, Inc.*, No. 17 Civ. 3647 (DAB), 2018 WL 1801307, at *4 (S.D.N.Y. Mar. 23, 2018) (same), *appeal withdrawn*, 2018 WL 6536114 (2d Cir. Nov. 2, 2018) (settled for throwaway nuisance payment, without counter from plaintiff, following mediator instruction at CAMP conference). Given the motivation behind perpetuating lawsuits that his firm has no intention of seeing all the way through, there is a strong likelihood that Judge Daniels will find that BDG should be made whole for negotiating in good faith while not encouraging the Liebowitz Firm's callous and reckless use of the court system to extract outsized settlements by paying what Mr. Liebowitz is demanding.

In this context, BDG respectfully asks this Court to urge Plaintiff and his counsel to resolve this matter on reasonable terms, including requiring Mr. Verch to appear before Your Honor via telephone and/or to confirm that Mr. Liebowitz has made his client aware of the risks of persisting in this matter, including the risk of fee-shifting, possibly by having Mr. Verch confirm that he has reviewed this letter.

We thank the Court for its time and consideration.

Respectfully submitted,

*s/ Eleanor M. Lackman*

Eleanor M. Lackman

EML
Encl.
cc:     Richard P. Liebowitz, Esq.

# EXHIBIT A



| | |
|---|---|
| Document title: | Female hand holding breast cancer awareness ribbon \| Flickr |
| Capture URL: | https://www.flickr.com/photos/30478819@N08/44407488405 |
| Captured site IP: | 13.249.34.22 |
| Page loaded at (UTC): | Tue, 05 Nov 2019 16:48:53 GMT |
| Capture timestamp (UTC): | Tue, 05 Nov 2019 16:49:27 GMT |
| Capture tool: | v6.11.2 |
| Collection server IP: | 54.174.78.137 |
| Browser engine: | Chrome/70.0.3538.77 |
| Operating system: | Microsoft Windows NT 10.0.14393.0 (10.0.14393.0) |
| PDF length: | 7 |
| Capture ID: | d6a84cc8-8a9b-4ab1-a939-fe1f94392914 |
| User: | msk-general |

PDF REFERENCE #:        awke68oBSt6SS8DJD1FfXa

BDG-0005



Document title: Female hand holding breast cancer awareness ribbon | Flickr
Capture URL: https://www.flickr.com/photos/30478819@N08/44407488405
Capture timestamp (UTC): Tue, 05 Nov 2019 16:49:27 GMT

Page 1 of 6

BDG-0006









Document title: Female hand holding breast cancer awareness ribbon | Flickr
Capture URL: https://www.flickr.com/photos/30478819@N08/44407488405
Capture timestamp (UTC): Tue, 05 Nov 2019 16:49:27 GMT
Page 5 of 6

BDG-0010



Document title: Female hand holding breast cancer awareness ribbon | Flickr
Capture URL: https://www.flickr.com/photos/30478819@N08/44407488405
Capture timestamp (UTC): Tue, 05 Nov 2019 16:49:27 GMT

Page 6 of 6

BDG-0011



| | |
|---|---|
| Document title: | Female hand holding breast cancer awareness ribbon - Creative Commons Bilder |
| Capture URL: | https://foto.wuestenigel.com/female-hand-holding-breast-cancer-awareness-ribbon/?utm_source=44407488405&utm_campaign=FlickrDescription&utm_medium=link |
| Captured site IP: | 144.76.154.140 |
| Page loaded at (UTC): | Tue, 05 Nov 2019 16:49:34 GMT |
| Capture timestamp (UTC): | Tue, 05 Nov 2019 16:49:55 GMT |
| Capture tool: | v6.11.2 |
| Collection server IP: | 54.174.78.137 |
| Browser engine: | Chrome/70.0.3538.77 |
| Operating system: | Microsoft Windows NT 10.0.14393.0 (10.0.14393.0) |
| PDF length: | 4 |
| Capture ID: | a482761c-d4a9-4333-8516-1cb9156df32c |
| User: | msk-general |

PDF REFERENCE #:     8ha6nU4Jv87ky6NrMoUTLG

BDG-0012




- → Luftbilder
- → Bitcoin
- → Stock Photos
- → Tiere
- → Food
  - → Vegan
  - → Hellofresh
- → Veranstaltungen
  - → Fußball-WM
  - → Gamescom
  - → Karneval
  - → Marathon
  - → Triathlon
- → Reisen
  - → Köln
  - → USA
  - → Japan
  - → Spanien
  - → Portugal
  - → Italien
  - → Schweden
  - → Russland

**Beliebte Bilder**

Schönes Wochenende

Happy Easter

Bilder zu Frohe Ostern 2020

TOP100 Bilder

Dirndl Schnittmuster

Follow me

Mann in Laborkleidung



Möchten Sie dieses Foto für Web oder Print mit einer individuellen Lizenz nutzen? Das kann z. B. sinnvoll sein, wenn Sie aus technischen Gründen nicht auf das Original-Bild oder die Bedingungen verlinken können oder wollen.

**Lizenz anfragen**

## Informationen zum Foto

Aufgenommen am 13.10.2018 mit der Kamera und diesen Einstellungen: f - - () - ISO

## Mehr Bilder zu Female hand holding breast cancer awareness ribbon:

#breast  #cancerawareness  #female  #hand  #health  #pink  #ribbon

Diese Website benutzt Cookies. Wenn Sie die Website weiter nutzen, stimmen Sie der Verwendung von Cookies zu.
Mehr Infos     Okay
🇩🇪 German

