

**MITCHELL SILBERBERG & KNUPP LLP**
A Law Partnership Including Professional Corporations

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

May 15, 2020

**VIA ECF**

Hon. Debra Freeman, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re:** *Marco Verch v. BDG Media, Inc.*, 19 Civ. 9618-GBD-DCF

Dear Judge Freeman:

We write on behalf of defendant BDG Media, Inc. ("BDG") to further update this Court on the progress of settlement negotiations per the conference with the Court a few weeks ago. While BDG has made efforts recently to improve its proposal and has explained to counsel for plaintiff Marco Verch ("Verch") the risks of not resolving the matter, Verch has not moved since the parties filed their reports roughly a month ago. At this point, he has shut down all settlement discussions. Accordingly, for the reasons set forth below, BDG writes to respectfully request a briefing schedule on a narrow issue that will dispose of the case in full.

*Background and Update on Settlement Discussions*

As the Court may recall, on April 10, 2020, BDG previously filed a detailed, six-page status update letter outlining the results of limited discovery to further settlement negotiations, and updating this Court on the lack of measurable effort from the other side to engage in those discussions. ECF No. 14. Verch filed his own letter, which failed to address settlement and simply stated, in three sentences, that "[t]he parties were unable to come to a resolution" and requesting the Court "enter the scheduling order so the parties can start discovery." ECF No. 15. On April 13, 2020, the Court, signaling its dissatisfaction with "Plaintiff's purported status report," ordered Verch to file by April 15 "a detailed, reasoned response" to BDG's April 10, 2020 letter. Minute Order (Apr. 13, 2020).

A day after the deadline, Verch's counsel submitted a letter that did not respond to BDG's letter, nor was it "reasoned." Rather, it recited boilerplate arguments attacking the way courts have awarded statutory damages, offering up arguments about widespread, willful infringement, ECF No. 16 at 1-2, even though such arguments were already anticipated and addressed in BDG's April 10 letter. Mr. Liebowitz also did not address BDG's concern that Verch had not been consulted about the offer, the conference, and the risks of pushing for an outsized settlement number in a matter where Verch evidently does not intend to show any lost licensing fee at all. Instead, Mr. Liebowitz evidently took offense to the rulings BDG cited to support its conclusion that Mr. Liebowitz was not treating this case and role with due attention. In particular, in response to the material BDG submitted to express its concerns, Mr. Liebowitz unleashed a string of rank speculation regarding the undersigned and some purported "financial ruin" that would be libelous if it were coming from a credible source, which Mr. Liebowitz has been repeatedly found (in just this past week alone) as not. *See Mondragon*



*v. Nosrak LLC*, No. 19-CV-01437-CMA-NRN, 2020 WL 2395641, at *8 (D. Colo. May 11, 2020) (Neureiter, J.) (expressing concern regarding repeated absence of "truth-telling" by Mr. Liebowitz ); *Chevrestt v. Barstool Sports, Inc.*, No. 20-CV-1949 (VEC), 2020 WL 2301210, at *2 n.3 (S.D.N.Y. May 8, 2020) (Caproni, J.) (noting Mr. Liebowitz's "track record of misrepresenting facts to judges on this Court" and acknowledging that the Court cannot require Mr. Liebowitz to see the psychological help he promised to obtain); *Ward v. Consequence Holdings, Inc.*, No. 3:18-CV-1734-NJR, 2020 WL 2219070, at *3 (S.D. Ill. May 7, 2020) (Rosenstengel, C.J.) (describing Mr. Liebowitz as "an example of the worst kind of lawyering").

Despite Mr. Liebowitz's misplaced emotional outburst, BDG dismissed it as exactly that and continued to seek to find a resolution of this matter, including taking at face value a comment made during the Court conference pertaining to his client's out-of-pocket costs. Specifically, on April 27, 2020, the undersigned reached out to Mr. Liebowitz to invite him to discuss a resolution and make an offer that falls within the spectrum of damages awards in prior non-willful cases involving a single use of a photograph. I indicated some flexibility if it might help persuade his client to move. At that time, I noted that BDG could not possibly be willful when a Mic writer that BDG never had any connection to apparently selected and posted the Photograph at issue; further, once BDG received notice that a claim was asserted about the Photograph, BDG promptly took it down.

Moreover, I reminded Mr. Liebowitz that Mic Network ("Mic"), a company that no longer exists, posted the article, and therefore BDG cannot be held liable. BDG has entertained settlement discussions out of respect for Verch and in the interest of a swift resolution on a low-value claim, and not because it was obligated to undertake any discussions. Considering that Verch was looking at the possibility of recovering nothing at all, as BDG has no successor liability, I expressly indicated to Mr. Liebowitz that Verch should seriously consider taking BDG's offer.

Mr. Liebowitz's response, sent 10 minutes later, was curt and consisted of: "Hi Eleanor, Do you have an offer? Thanks." I responded shortly thereafter with a specific number and a reminder of the probable recovery in the likely event the whole case was not dismissed. After receiving no response of any kind in three days, I followed up and asked Mr. Liebowitz to confirm whether he had discussed the aspects of my note with his client, reminding him of his ethical obligations to convey settlement offers. To justify this reference, I noted in particular a prior situation where, in a deposition of one of Mr. Liebowitz's clients, the client declared that my client had not made any settlement offers when it had indeed made them.

Roughly eight minutes later, Mr. Liebowitz responded that his client was "staying firm" at his pre-letter offer, just $250 below the number discussed with Your Honor at the conference in late March. He gave me two business days to accept the offer or it would be revoked.

*Request for a Briefing Schedule on Motion to Dismiss Concerning the Issue of Successor Liability*

BDG has been forthright with Verch and his counsel, has explained its position, and has conveyed reasonable settlement offers to Verch, all of which have been rejected out-of-hand despite BDG's efforts to justify its proposal. Mr. Liebowitz, on the other hand, continues to ignore the Court's directive to engage in meaningful settlement discussion, insisting on an outsized number without appreciating that BDG cannot even be liable. Indeed, it seems that the fact that BDG has offered to give Verch more than a fair proposal for a photograph that admittedly had no licensing value, and



Hon. Debra Freeman, U.S.M.J.
May 15, 2020
Page 3

which was permissible but for some apparent confusion about the Creative Commons license attribution requirement, only causes Mr. Liebowitz to become more unreasonable.  This reaction is not surprising given that BDG's position runs counter to Mr. Liebowitz's false narrative that he uses to bait clients:  namely, that professional media organizations – themselves content creators and major customers of photography licensing firms – are set out to rip off photographers and will take no responsibility for an occasional mistake unless Mr. Liebowitz is hired to sue those organizations.  As shown here, nothing could be further from the truth, at least not in the experience of the undersigned, and certainly not in the experience of the parties mentioned here, against whom Mr. Liebowitz has never asserted a meritorious claim.[1]

At some point, BDG has to do what it needs to do if Mr. Liebowitz will not be reasonable, as the Court encouraged him to be.  He evidently has no interest in discussing settlement, and BDG is not interested in high-dollar, "take it or leave it" demands.  Accordingly, the most sensible and efficient next step is to get the case resolved through a streamlined motion to dismiss focused on the limited but important issue of successor liability presented by this case.  We therefore respectfully request this Court to set a schedule to brief the issue of successor liability presented by this case.

There is good cause for the motion.  Verch brought this action against BDG erroneously alleging that, "BDG Media ran an article on the Website …."  Compl., ¶ 11.  But the record in this case is clear BDG never published the Article.  Nor did it have any relationship with the writer, who never worked for BDG.  Contrary to Plaintiff's allegations, Mic was the one which posted the Article in October 2018, prior to BDG's acquisition of Mic.  In particular, it is a matter of public knowledge that about six weeks after the publishing of the Article, Mic laid off its entire editorial staff, and BDG acquired its domain name and certain other assets of the company some time thereafter.  Verch does not allege that BDG was affiliated with Mic at the time, and indeed it was not.

Regardless of what the Complaint says or does not say, Verch's attempt to hold BDG liable for the purported use of the Photograph by Mic fails as a matter of fact and law because BDG has no successor liability for the acts of Mic.  *See Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244, 451 N.E.2d 195, 198 (1983) (Under New York law, "a corporation which acquires the assets of another is not liable for the torts of its predecessor.").[2]  Discovery is not needed on this point:  courts in this Circuit routinely grant motions to dismiss claims on successor liability grounds at the pleading stage.  *See, e.g.*, *Douglas v. Stamco*, 363 F. App'x 100, 103 (2d Cir. 2010) (affirming dismissal because the "plaintiff is unable to substantiate a claim for successor liability under New York law); *Cargo Partner AG v. Albatrans, Inc.,* 207 F.Supp.2d 86, 93 (S.D.N.Y. 2002), *aff'd,* 352 F.3d 41 (2d Cir. 2003) (granting dismissal where complaint's allegations were insufficient to state a claim for successor liability).  Considering that Verch had the opportunity to provide supporting documents in an informal discovery stage, it is unlikely that he will have any basis to refute the objectively known

---

[1] As noted, the Liebowitz Firm's two prior claims against Mic were dismissed on Rule 12(b)(6) motions.  Two claims against BDG were resolved for low value when it was discovered that BDG did not use photographs belonging to the plaintiff in one case and the other was so belatedly filed that no records existed regarding the use.  This does not paint a picture of rampant infringement:  it paints a picture of reflexive use of the courts for the purpose of increasing cost, in violation of the spirit and letter of Fed. R. Civ. P. 11.

[2] While exceptions exist, none are applicable here.



Hon. Debra Freeman, U.S.M.J.
May 15, 2020
Page 4

fact that Mic Network, Inc. went out of business and all that BDG has to do with the matter is its acquisition of the preexisting site that contained the allegedly infringing use.

Accordingly, BDG respectfully asks this Court to issue a briefing schedule on BDG's motion to dismiss the case on the ground that it has no successor liability for the violations that Verch alleges in this action.³

We thank the Court for its time and consideration to this matter.

Respectfully submitted,

*s/ Eleanor M. Lackman*

Eleanor M. Lackman

EML

cc:     Richard P. Liebowitz, Esq. (via ECF)

---

³ In light of how apparent it is that BDG is not responsible for the posting of the Photograph, BDG reserves its right to seek attorney's fees under Section 505 of the Copyright Act.