

Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

May 18, 2020

**VIA ECF**

Honorable Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Verch v. BDG Media, Inc.,* 1:19-cv-9618 (GBS-DCF)

Dear Judge Freeman:

We represent Plaintiff Marco Verch ("Plaintiff") in the above-captioned case and write in response to Defendant BDG Media, Inc. ("Defendant")'s letter, dated May 15, 2020 [Dkt. #17]

**Settlement Prospects**

Defendant's long-winded diatribe concerning its settlement position, most of which devolves into gratuitous *ad hominem* attacks against Plaintiff's counsel, fails to reveal that Defendant's low-ball settlement offer barely covers the costs incurred to commence this litigation.

Plaintiff has made a reasonable settlement demand that is substantially below what he could reasonably expect to recover at trial. Defendant, on its part, has failed to make a good faith offer to settle. Defendant's theory of damages, i.e., that it only need to pay a reasonable licensing fee, or three times a reasonable licensing fee, has never been tested in a trial by jury. Defendant's argument that the Court should base a statutory damages award on a fixed "one-size-fits-all" formula that subjects plaintiff's estimated licensing revenue to a multiple of three times should be rejected. *See UMG Recordings, Inc. v. MP3.com*, 2000 WL 1262568, at *5 (S.D.N.Y. Sept. 6, 2000) ("any attempt to reduce this determination [of the amount of statutory damages] to some kind of mathematical formula or equation is spurious.")

Moreover, defense counsel has a pervasive history of gouging her clients for exorbitant legal fees through a method of "lowballing" settlement offers in infringement cases.  She knows that a copyright plaintiff in a statutory damages case is not going to walk away by accepting a few hundred dollars more than the Court's filing fee.  But defense counsel persists with this negotiation strategy anyway to rack up her corporate firm's legal fees, resulting in substantial losses to her clients. *See, e.g. Mango v. Buzzfeed* 356 F. Supp. 3d 368 (S.D.N.Y.



Liebowitz Law Firm, PLLC

Liebowitz ⬤ Law Firm, PLLC

2019); 397 F. Supp. 3d 368, 371 (S.D.N.Y. 2019) (awarding $8750 in statutory damages and $44,560.88 in attorneys' fees against Buzzfeed, Ms. Lackman's client).

In short, until such time as Defendant has made a reasonable offer to settle, which recognizes both the compensation and deterrence factors that are inherent in a statutory damages case, the parties should proceed with litigation.

## Successor Liability

Defendant asks the Court to set a briefing schedule for its proposed motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As a preliminary matter, Section IV.A of Judge Daniels' Individual Rules and Practices do not require pre-motion conferences. Accordingly, Defendant can file its proposed motion at any time and the Local Rules will determine the briefing schedule.

In any event, the proposed motion is futile and should be discouraged by the Court. Defendant claims, that it is a "matter of public knowledge" that BDG cannot be held liable for the acts of its alleged predecessor Mic Network, Inc. ("Mic Network"). [Dkt. #17, p. 3] This allegation, of course, raises more factual questions than it answers, none of which can be resolved within the four corners of the pleading on a Rule 12 motion.

Under New York law, "[i]t is the general rule that a corporation which acquires the assets of another is not liable for the torts of its predecessor." *In re New York City Asbestos Litig.*, 15 A.D.3d 254, 255–56, 789 N.Y.S.2d 484, 486 (2005) (citing *Schumacher v. Richards Shear Co., Inc.,* 59 N.Y.2d 239, 244, 464 N.Y.S.2d 437, 451 N.E.2d 195 (1983). However, there is an exception to this rule, for cases in which there has been "a consolidation or merger of seller and purchaser." *Id.* "A transaction structured as a purchase-of-assets may be deemed to fall within this exception as a 'de facto' merger, even if the parties chose not to effect a formal merger, if the following factors are present: (1) continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction; (3) the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, physical location, assets and general business operation." *Id.* (citing *Fitzgerald v. Fahnestock & Co.,* 286 A.D.2d 573, 574, 730 N.Y.S.2d 70 (2001)). "A de facto merger finding does not necessarily require the presence of each of these factors." *Id.* (citation omitted).

"The first criterion, continuity of ownership, exists where the shareholders of the predecessor corporation become direct or indirect shareholders of the successor corporation as the result of the successor's purchase of the predecessor's assets, as occurs in a stock-for-assets transaction." *In re New York City Asbestos Litig.*, 15 A.D.3d at 256. Stated otherwise, continuity of ownership describes a situation where the parties to the transaction "become owners together of what formerly belonged to each." *Id.* (*citing Cargo Partner AG v. Albatrans, Inc.,* 352 F.3d 41, 47 (2d Cir.2003) (applying New York law).

Here, there remain material issues of fact in dispute as to the continuity of ownership between BDG and Mic Network. None of these issues can be resolved on a Rule 12 motion, as Defendant has yet to even produce the transactional documents which governed BDG's alleged

Liebowitz ◯ Law Firm, PLLC

acquisition of Mic Network, nor has it identified the direct or indirect shareholders involved in the transaction. Plaintiff is entitled to discovery of theses issues. *See, e.g.*, *Optigen, LLC v. Int'l Genetics, Inc.*, 877 F. Supp. 2d 33, 55 (N.D.N.Y. 2012) (finding genuine issue of material fact concerning successor liability even where evidence existed "of a continuity in ownership, management, personnel, and physical location between the two entities").

The second "de facto merger "criterion requires evidence concerning whether the predecessor (i.e., Mic Network) has ceased ordinary business operations, whether the entity has been formally dissolved, and whether it has remained in existence in a meaningful way since the subject transaction closed. *Id.* at 257. Here, the public record shows that as of today's date, Mic Network remains an active business corporation. However, by Defendant's own admission, it fired its entire staff, so there are questions concerning whether Mic Network has remained in existence in a meaningful way since the subject transaction closed.

Finally, Plaintiff has no way to know at this stage of the litigation whether Mic Network's assets were sold for adequate consideration, whether Mic Network actually owned the domain name where the infringement occurred, or whether the subject transaction was otherwise fraudulent. Plaintiff is entitled to discovery on those issues as well.

In short, Defendant's proposed motion to dismiss the complaint under Rule 12(b)(6) is futile, and is therefore calculated in bad faith to delay this proceeding and harass Plaintiff. Accordingly, the proposed filing of Defendant's motion should be strongly discouraged by the Court.

Respectfully submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff*