

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

May 21, 2020

**VIA ECF**

Hon. Debra Freeman, Esq.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

**Re: *Marco Verch v. BDG Media, Inc.*, 19 Civ. 9618-GBD-DCF**

Dear Judge Freeman:

To briefly address specific items in the May 18, 2020 letter (ECF No. 18) filed by Plaintiff's counsel, Richard Liebowitz, in the above-referenced action in a manner we believe will assist the Court and expedite the removal of the case from the Court's docket, we respectfully submit this letter.

First, Plaintiff's letter misses the point that successor liability was not adequately pleaded in the operative complaint. *See Network Enters., Inc. v. APBA Offshore Prods., Inc.*, No. 01 Civ. 11765, 2002 WL 31050846, at *7 (S.D.N.Y. Sept. 12, 2002). Nor are the novel (and objectively meritless) allegations of a *de facto* merger in the pleading. Moreover, even if the allegations had been pleaded, there is no reason why – particularly as Plaintiff has the evidence he needs – the decision cannot be made on summary judgment. *See Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 376 (S.D.N.Y. 1997) (A pleading, where "[plaintiff] made no attempt to demonstrate that … defendant is, in fact, a successor corporation to a previously existing …entity[,]" was "insufficient to stave off dismissal."). Even the cases Plaintiff relies on say as much. If Plaintiff needs specific discovery in response to the motion, he can make a request under Fed. R. Civ. P. 56(d), although his speculation about fraud and other speculative, kitchen-sink theories do not suggest that such discovery would be warranted. Finally, Plaintiff's off-point comment about the singular case where he won more than three figures in damages, *Mango v. BuzzFeed*, is incorrect, in addition to the fact that Mr. Liebowitz fails to note that the case is on appeal and the fee award is likely to be vacated for multiple reasons. The Court in that case awarded only $3,750 for the category of claim asserted in this action, *see* 356 F. Supp. 3d 368 (S.D.N.Y. 2019), and if fees are to be awarded at all here, they will go in favor of BDG because it has no successor liability and thus will be the "prevailing party."

Given Plaintiff's demonstration of his desire to run up costs with distraction, defendant BDG Media additionally requests leave to make a motion to require Plaintiff and/or his counsel to post a bond as a condition of proceeding further, as many judges in this District and the Eastern District have done. *See, e.g., Lee v. W Architecture and Landscape Architecture*, LLC, 18-cv-05820 (PKC) (CLP), 2019 WL 2272757 (E.D.N.Y. May 28, 2019) (ordering Mr. Liebowitz to post $10,000 cost bond); *Reynolds v. Hearst Comm'ns, Inc.*, 17-cv-6720 (DLC), 2018 WL 1229840 (S.D.N.Y. March 5, 2018) (ordering the plaintiff and his counsel Mr. Liebowitz to post a bond of $10,000); *Leibowitz v. Galore Media, Inc.*, 18-cv-2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order requiring $10,000 cost bond citing "history of con-compliance with court



Hon. Debra Freeman, Esq.
May 21, 2020
Page 2

orders in similar actions"); *Sadowski v. JSN Global Media*, Inc., No. 18 Civ. 01392 (LAP) (SDNY July 12, 2018) (ordering plaintiff to post a bond for $10,000 in order to proceed with the action because plaintiff was unlikely to recover more at trial than defendant's Rule 68 offer).

We thank the Court for its ongoing assistance in this matter.


Respectfully submitted,

*s/ Eleanor M. Lackman*

Eleanor M. Lackman

EML
cc:     Richard P. Liebowitz, Esq.